

August 15, 2020

**By CM-ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Islam et al. v. Cuomo, et al.*, 20-CV-2328 (LDH)(CLP)

Dear Judge DeArcy Hall:

    Plaintiffs submit this response to Defendants' Status Report filed August 10, 2020, pursuant to the Court's July 28, 2020 Memorandum and Order. In light of Defendants' "significant concerns" that they may not be able to comply with timelines established by the Court's July 28 Order, *see* Decl. of Lars Thompson, Dkt. # 26-1, at ¶17, Plaintiffs suggest various alternate means to resolve the backlog within the timeframe ordered by the Court.

    As an initial matter, Plaintiffs seek additional clarity on what level of documentation claimants must provide in order to have their reconsiderations processed and approved; *e.g.*, would 1099s suffice, or, must claimants submit more detailed earnings statements that may more accurately depict their gross earnings. Plaintiffs have reached out to Defendants several times asking to confer on certain logistical points such as this which may make processing of requests for reconsiderations simpler and less time-consuming. If, for example, 1099s alone are acceptable this would take far less time to process, compared to a review of 65 weekly payment statements from Lyft, which Plaintiffs have reason to believe may more accurately represent actual gross earnings than 1099s. Plaintiffs and Defendants should be aligned on seeking accurate and expeditious resolution of the backlog; nonetheless, Defendants have not agreed to confer with Plaintiffs, and have provided no guidance on these and other questions.

    To resolve the backlog in compliance with the Court's order, Defendants can use the Uber-provided data to expedite correction of claimants' benefit rates. Even if the Uber-provided data is not susceptible to direct entry into DOL's computer system for calculating UI benefit rates, as Defendants have argued, the DOL is clearly able to access that data and run queries within it. *See* Decl. of Lars E. Thompson, Dkt. #26-1, at ¶ 8.

**Brooklyn Legal Services** | 105 Court Street, 4th Floor, Brooklyn, NY 11201
Phone: 718-237-5500 | Fax: 718-855-0733 | www.LegalServicesNYC.org
**Hon. Betty Staton**, President | **Tanya Wong**, Project Director
**Deborah Howard**, Board Chair



Plaintiffs note that Defendant DOL could eliminate a substantial amount of the manual review of wage data required by review of individual requests for reconsideration, if it applied the amount of gross earnings contained in Uber's submissions to claimants' accounts, even if by manual entry.

Further, Plaintiffs note that requests for reconsideration could be processed by crediting the amount of gross earnings listed on claimants' requests for reconsiderations (a one-page form), and then reviewing the supporting documentation for confirmation after issuing revised monetary benefit determinations. Such a process could significantly expedite Defendants' review of claimants' requests for reconsideration. The DOL is empowered to review such employee provided information to determine the amount of worker earnings. *See* New York Labor L. §§ 571 (If an employer fails to report wages as required, "the commissioner shall determine the amount of contribution due from such employer and the amount of wages paid by such employer on the basis of such information as may be available"); 597(2) (Whenever a claimant's base period includes a completed calendar quarter for which a wage data report is not due or has not been received and the claimant provides information as required by the commissioner, the commissioner shall determine such claimant's entitlement and benefit rate using the information the claimant provided for such quarter."). Indeed, it bears noting that when the DOL accepts reports of earnings for UI purposes from employers, employers need only report quarterly wages with no supporting documentation. *See* NYS-45, Quarterly Combined Withholding, Wage Reporting, and Unemployment Insurance Return, available at https://www.tax.ny.gov/pdf/current_forms/wt/nys45_fill_in.pdf (Date Accessed: Aug. 14, 2020); https://www.tax.ny.gov/bus/ads/efile_addnys45.htm (Date Accessed: Aug. 14, 2020). If, after such reviews, any claimants received overpayments, DOL could then make corrections accordingly but without the need for further delay in delivering claimants' benefit amounts.

In addition, New York law empowers the DOL to obtain earnings information from employers, like Lyft, who have not yet provided such information to the DOL. *See* N.Y. Labor L. §§ 575(1) (Employers must maintain records of amount of employee remuneration and make such records available to the DOL for inspection; violation of this section is a misdemeanor); §623 ("Any person who refuses to allow the commissioner or his authorized representative to inspect his payroll or other records or documents relative to the enforcement of this article shall be guilty of a misdemeanor."); N.Y. Tax Law §674(a)(4)(A) (requiring employers to file reports of wages paid), 12 N.Y.C.R.R. §§472.2, 472.3(c) (same); 12 N.Y.C.R.R. 472.13(f) (requiring employers to respond to DOL requests for information needed to make a correct unemployment eligibility determination). The DOL is certainly empowered to and, must at least ask for these records, if doing so may expedite their processing of claims, and allow it to comply with this Court's order.

If, however, the only way that the DOL can comply with the Court's deadline is to continue with its process of manual review of more than 40,000 claims and reconsiderations, then the DOL must assign more staff to handle these claims. Defendant

Reardon recently noted that, in response to the pandemic, the DOL increased its staffing for unemployment claims from 400 to 7000 employees, and that the DOL currently has around 4,500 employees working on or, trained to work on, unemployment benefit claims. *Joint Public Hearing: Impact of COVID-19 on the Workforce* (video), at 9:08; 27:00, available at https://www.nysenate.gov/calendar/public-hearings/august-13-2020/joint-public-hearing-impact-covid-19-workforce (Date accessed: Aug. 15, 2020).  Plainly, the DOL has shown its ability to nimbly appoint and transfer large numbers of employees to deal with immediate UI demands and could add more employees to the taskforce if needed to comply with the Court's deadline.

Sincerely,

*/s/ Nicole Salk* | */s/ Zubin Soleimany*
BROOKLYN LEGAL SERVICES | ZUBIN SOLEIMANY, Esq.
Nicole Salk | New York Taxi Workers Alliance
Sarah E. Dranoff | 31-10 37th Ave. Ste. 300
Udoka Odoemene | Long Island City, NY 11101
105 Court Street, 4th Floor | (718) 706-9892
Brooklyn, NY  11201 | Attorney for Plaintiffs
(718) 237-5544 |

cc:     Counsel of Record (via CM/ECF)