# NEW YORK TAXI WORKERS ALLIANCE
AFL-CIO; Intl. Transport Workers' Federation

31-10 37TH AVE.
SUITE 300
LONG ISLAND CITY, NY 11101
TELEPHONE: (718) 706-9892

November 23, 2020

**By CM-ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Islam et al. v. Cuomo et al.*, 20-CV-2328(LDH)(CLP)

Dear Judge DeArcy Hall:

      We represent Plaintiffs in the above-referenced matter. On November 1, we submitted a status report outlining Defendants' failures to comply with this Court's July 28 order by, *inter alia*, failing to pay the full amount of benefits due to app-based FHV driver claimants. Plaintiffs noted that the NYTWA had conducted a survey of its members and found that, more than a month after this Court's compliance deadline had passed, among other issues, hundreds of members had yet to receive their increased benefit rate for benefit weeks that had already passed, even where their benefit rate had been adjusted upward for following weeks.

      In light of the survey results, Plaintiffs requested an updated status report from Defendants to more accurately detail the scope of the compliance problems Plaintiffs had identified. Specifically, Plaintiffs requested that Defendants detail the number of outstanding requests for reconsideration and the number of claimants still waiting to receive retroactive benefits.

      Defendants' reply failed to respond to Plaintiffs' concerns or provide the requested information. Instead, Defendants claimed that they had fully complied with the court order because they had "implemented the expedited review and streamlined process for 47,778 Requests for Reconsideration" and made "Benefit Rate Adjustments." Declaration of Lars Thompson, Dkt. 37-1, at 3.  Defendants' subsequent Pre-Motion Letter claims compliance with the Court's order because the DOL "queried and adjudicated over 47,000 FHV claimant requests for reconsideration within the prescribed period." Dkt. 38, at 1.  Prior status reports submitted by Defendants noted that DOL had "cleared the backlog associated with FHV employer related Requests for Reconsideration." Dkt. 33-1, at ¶ 3.

Repeatedly, the DOL has said much about its processing of applications, without ever saying whether or not the claimants behind these applications actually received full payment of their benefits. Of course, the When Due provision of the Social Security Act does not merely require prompt adjudication of claims, but payment of the ***full amount*** of benefits to which claimants are entitled. This is not a matter of interpretation, but a statutory mandate. *See*, 42 U.S.C. §503(a)(1), requiring that state unemployment compensation laws provide for "methods of administration" that are "reasonably calculated to insure ***full payment*** of unemployment compensation when due…" (emphasis added); *see also* 20 C.F.R. § 640.3(a). In line with this mandate, the Court held that a claimant "cannot be deemed whole unless he or she is also receiving the full unemployment benefits to which she is entitled". Decision and Order, Dkt. 24, at 17. Of course, the full payment of benefits would include not only a claimant's full rate going forward after the compliance deadline, but retroactive payments for all previous benefit payments that were below the full amount to which claimants are entitled. Plainly, because Defendants have not provided data sufficient to ensure that claimants have actually been paid the benefits they are entitled to under their revised determinations, Defendants have failed to document compliance with this Court's order.

Defendants' claims of compliance are further undercut by their remarkable admission that DOL has no way of determining whether the relevant group of app-based driver claimants has received full payment.[1] The DOL cannot say that it does not know how many drivers have received full payment, and yet claim to be in compliance with the Court's order. Regarding complications in payments that Plaintiffs raised, Mr. Thompson's declaration notes a "systemic issue" involving the failure of claimants to receive retroactive payments. Dkt. 37-1, at ¶¶ 10, 11.

While the individual Plaintiffs have all received their full retroactive benefit payments at their maximum benefit rate, many in the broader driver community have not. For example, Plaintiff Doh Ouattara is aware that among his circle of friends that includes 4 other app-based FHV drivers, he alone has received retroactive benefit payments at his full benefit rate. *See* the annexed Second Declaration of Doh Ouattara, at ¶¶ 7-13. NYTWA's interactions with drivers show hundreds of drivers who have yet to have their previous payments increased to reflect their current, proper benefit rate. *See* Declaration of Allison Langley, Dkt. 36-1, at ¶¶ 7-9 (noting that at least 255 app-based FHV drivers have contacted the NYTWA regarding their failure to receive back benefits, after waiting more than two weeks after submitting requests for reconsideration). NYTWA sought updated data from this group of drivers, by sending a follow-up survey to this group on November 17, 2020. Annexed Second Declaration of Allison Langley, at ¶ 4.

NYTWA's survey identifies a substantial number of drivers who have yet to receive full payment of benefits. The problem of non-payment appears to be widespread. As of today, 172 drivers had submitted complete responses, including the date they had filed their requests for reconsideration. *Id*, at ¶5. Of these 172 drivers, 161 or 93.6% are still waiting to receive retroactive benefits, and all but one of these 161 drivers have been waiting for at least one month since filing a request for reconsideration. *Id*, at ¶¶5-6. Of these 161 drivers who are still waiting to receive their full retroactive benefits:

---

[1] Plaintiffs believe it would be surprising if the DOL's computers are not able to query and isolate claims in which claimants' payment histories indicate disparate benefit rates during different weeks within the claim.

- 153 drivers, or 95%, had submitted their requests for reconsideration at least two months ago;
- 95 drivers, or 59%, had submitted their requests for reconsideration at least three months ago;
- 45 drivers, or 27.9%, had submitted their requests for reconsideration at least four months ago;
- 38 drivers, or 23.6% had submitted their requests for reconsideration at least five months ago;
- 23 drivers, or 14.2% had submitted their requests for reconsideration at least six months ago; and
- 5 drivers, or 3.1% had submitted their requests for reconsideration at least seven months ago.

Second Langley Decl., at ¶ 6.

In view of the fact that, prior to filing this case, the NYTWA originally made contact with approximately 400 drivers who had failed to receive full benefits (Second Langley Decl., at ¶ 7), and the number of affected drivers ultimately proved to be over 44,000, we believe that the number of drivers who have reported failures to receive their full back benefits to NYTWA may be far less than the total number of drivers who still have not received full back benefits.

Despite apparent widespread issues with non-payment, and the statutory duty of the DOL to pay the "full amount" of benefits when due, Mr. Thompson claims that it is incumbent upon claimants to notify DOL of non-payment, even where such claimants have already filed their unemployment claims, submitted 1099s to the DOL, and then submitted requests for reconsideration. Third Supp. Decl. of Lars Thompson, at ¶ 11. Even so, it does not appear that the process Mr. Thompson recommends has been effective. Some drivers have already reached out to the DOL over secure messages or over the phone but have yet to receive their retroactive benefits. *See*, *e.g.*, Second Ouattara Decl., at ¶¶ 9-12; *see also* the annexed Declaration of Mouctar Diallo. For example, NYTWA member Mouctar Diallo applied for UI on or about March 16, 2020, submitted his request for reconsideration on or about April 20, 2020, and still has yet to receive retroactive benefit payments. *See* Declaration of Mouctar Diallo, at ¶¶ 2; 4; 13. Although he reached out to the DOL as early as September 1, 2020, in the manner suggested by Mr. Thompson, he waited a month to hear back from the DOL, only to be told that the DOL "[c]annot give you a timeframe for completion" of the payment of his back benefits. *Id*, at ¶¶ 8; 12, Ex. B.

Given such delays, and the fact that hundreds, and likely thousands, of drivers are failing to receive full UI benefit payments, the DOL must take concerted systemic action to remedy this failure to comply with the Court's order. Plaintiffs have reached out to Defendants' counsel to address these non-payment issues, but Defendants have not yet indicated when or how they will comply. Accordingly, in the hopes of seeing claimants receive the full amount of benefits to which they are entitled, Plaintiffs seek a conference regarding Defendants' failure to comply with the Court's order at the Court's earliest convenience.

Sincerely,

*/s/ Zubin Soleimany*
ZUBIN SOLEIMANY, Esq.
New York Taxi Workers Alliance
31-10 37th Ave. Ste. 300
Long Island City, NY 11101
Telephone: 718-706-9892


cc: Counsel of Record (via CM/ECF)