# NEW YORK TAXI WORKERS ALLIANCE

AFL-CIO; Intl. Transport Workers' Federation

31-10 37TH AVE.
SUITE 300
LONG ISLAND CITY, NY11101
TELEPHONE: (718) 706-9892

October 5, 2021

**By CM-ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Islam et al. v. Cuomo et al.*, 20-CV-2328(LDH)(CLP)

Dear Judge DeArcy Hall:

Plaintiffs submit this letter motion to renew their January 5, 2021 letter motion seeking Defendants' compliance with this Court's July 28, 2020 order granting, in part, Plaintiffs' motion for a preliminary injunction.

Defendants are not in full compliance with the Court's order as they have not taken steps to ensure that all app-based FHV driver claimants receive the full employee weekly benefit rate for all weeks in which claimants are entitled to benefits. Upon the initial filing of this motion for compliance, Plaintiff NYTWA noted that hundreds of its members were affected by this problem where, despite an increase in their prospective benefit rates, prior weeks' benefit rates remained unchanged. *See*, Dkt. 49, at 3. DOL's most recent submission on this issue indicated that according to their own query, this error affected thousands of app-based FHV driver claims. Dkt. 65.  While the DOL took measures to identify and correct the claims of many drivers, the NYTWA has continued to hear from members whose retroactive benefits have not been paid. Having engaged with its membership on this issue for a year, NYTWA believes it has exhausted its reach to the segment of the app-based FHV driver population that it is able to contact, and that its experience showed the widespread nature of the problem among driver-claimants; accordingly, Defendants must take steps to ensure that all potentially affected drivers are aware of this problem and the steps necessary to correct their claims.

This underpayment of benefits for all weeks to app-based FHV driver claimants violates the Court's order and the "when due" provision of the Social Security Act. Accordingly, Plaintiffs move for an Order requiring Defendants to provide targeted notice to all potentially affected app-based, FHV drivers by November 1, 2021.

**Background**

Plaintiffs originally submitted a letter motion for compliance on January 5, 2021. A hearing was held on February 2, 2021, after which the parties conferred on multiple occasions to discuss the scope of the measures DOL had taken to identify and then issue payments to the approximately 16,000+ app-based FHV drivers who had yet to receive retroactive benefit increases after DOL processed prospective weekly benefit increases. *See* Plaintiff's March 16 Status Report, Dkt. 64. Plaintiffs continued to reach out to DOL to address the issue for any individual drivers who had contacted NYTWA, and the Court noted that "the onus does not rest exclusively with the plaintiffs to identify the problem." Feb. 2, 2021 Tr., at 55:7-8.

Ultimately, as described more fully in Plaintiff's March 16 Status Report, while the DOL took corrective measures to resolve the issue for many drivers, the DOL was unable to demonstrate resolution of the problem. Dkt. 64. When Plaintiffs submitted our March 16 status report —after DOL had manually reviewed a subset of 17,000 app-based FHV drivers likely subject to the retroactive payment error and implemented forward-looking processes—the NYTWA was still identifying significant numbers of app-based FHV drivers who were missing retroactive benefits. *Id*, at 4. As such, the NYTWA asked the Court for a number of potential remedies, including targeted notice to app-based FHV drivers to inform them of their right to retroactive benefits for the weeks prior to their rate adjustment.

On September 21, a brief hearing was held, wherein the Court instructed the parties to meet and confer. The initial motion for compliance was then dismissed, and Plaintiffs were ordered to renew the motion by October 5, 2021, if necessary.

**Remedying the DOL's Ongoing Failure to Pay Benefits When Due**

Since September 21, the parties have met several times to discuss the scope and resolution of the DOL's ongoing failure to ensure that claimants received retroactive benefits due them after their weekly benefit rate was adjusted to a higher rate.

As described in the March 16 Status Report, Plaintiff NYTWA believes it has largely exhausted its reach to impacted claimants, as NYTWA's membership represents only a portion of all app-based FHV drivers. However, Plaintiff NYTWA continues to receive periodic inquiries from drivers who have yet to receive their retroactive benefits, thus the NYTWA believe the problem may be ongoing for a number of claimants. *See* Dkt. 64, at 4 (comparing the scope of the problem as directly observed by NYTWA to the actual number of affected drivers, as stated by DOL).

Although Defendants have implemented some measures to monitor new claims to ensure claimants receive retroactive benefits after their weekly rates are prospectively adjusted, these measures are insufficient. While the error that triggered the non-payment of retroactive benefits to at least a quarter of all app-based FHV claimants was caused by a systemic technical failure, the correctives pursued by the DOL, do not create a systemic technical fix to the problem. Instead, they are relying on self-reports from claimants and a new staff protocol for checking in on cases likely subject to this error.

     Plaintiffs appreciate Defendants' efforts to remedy the initial error through partial manual review of impacted claimants identified early in 2020, as well as Defendants' ongoing attempts to remedy the situation by training staff to proactively identify and resolve errors that lead to the failure to pay retroactive benefits when due. However, Defendants have admitted that prior steps taken would not identify every driver affected by the retroactive payment issue. *See* Dkt. 64, at 3. After performing one wide-ranging but imperfect system query to identify thousands of unpaid claims, Defendant did not repeat this system check on reconsiderations that were later processed, but instead trained staff to identify potentially problematic applications in a manner that, while useful, is likewise admittedly not a comprehensive solution to a payment problem that has affected a wide swath of the driver claimant population.

     Plaintiffs do not believe that such efforts have identified all of the drivers who may have been impacted. As such, Plaintiffs seek a targeted notice to app-based FHV drivers apprising them of the issue and instructing claimants on how to remedy it. Plaintiffs are concerned that such notice should be distributed to driver-claimants as soon as possible; the large majority of claims have ended, and based on experience, Plaintiffs believe that as more time elapses, many claimants will become harder to reach and will be less likely to respond to communications from the DOL regarding what they understand to be closed UI claims. Defendants, as described in their March 16th submission to this Court, have been amenable to such notice and remain so. *See* Dkt 65, at 4**.** The parties have been engaged in productive discussions regarding the details of such notice, but have not yet reached an agreement as to the format, content, and distribution of such a notice.

## **Conclusion**

     Plaintiffs' initial and primary concern continues to be that app-based FHV drivers receive the full amount of benefits they are owed. Plaintiffs remain eager and willing to work with Defendants to ensure that this happens. To facilitate this, Plaintiffs request that the Court direct the parties to submit a joint status report on October 19, apprising the Court of the parties' progress towards finalizing a notice, and that the Court order Defendants to send a targeted and detailed notice to all app-based FHV driver claimants, informing them of their right to receive their full benefit amount for all weeks and the steps necessary to do so by November 1, 2021.

Respectfully Submitted,

*/s/ Zubin Soleimany*
ZUBIN SOLEIMANY, Esq.
New York Taxi Workers Alliance
31-10 37th Ave. Ste. 300
Long Island City, NY 11101
Telephone: 718-706-9892


cc: Counsel of Record (via CM/ECF)